1

2

3

4

5
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

DEAN ERVIN PHILLIPS,

8
                          Plaintiff,          CASE NO. C16-5000 BHS

9
          v.                                  ORDER ON DISPOSITIVE
                                              MOTIONS
10
BETH RENEE RIETEMA, et al.,

11
                          Defendants.

12

13      This matter comes before the Court on Defendant Kimberly Reid's ("Reid")

14 motion to dismiss (Dkt. 21); Plaintiff Dean Ervin Phillips's ("Phillips") motions for

15 summary judgment (Dkts. 22, 43); Defendant Schmidt's ("Commissioner Schmidt")

16 motion to dismiss (Dkt. 48); Defendants Boling, City of Lacey, City of Tumwater,

17 Cristopher  Coker, Elliot, Kenderesi, Knight, Liska, Judge Lyman, Mason, Quiles, and

18 Yancey's ("City Defendants") motion for summary judgment (Dkt. 51); and Defendants

19 Dixon, Luke Hansen, Jonathon Lack, Jennifer Lord, Christine Schaller, Indu Thomas,

20 Thurston County, and Chris Wickham's ("Thurston County Defendants") motion to

21 dismiss (Dkt. 56).  The Court has considered the pleadings filed in support of and in

22 opposition to the motions and the remainder of the file and rules as follows:

# I. PROCEDURAL HISTORY

On January 4, 2016, Plaintiff Dean Ervin Phillips filed a complaint against numerous defendants asserting eleven claims for relief as follows: (1) conspiracy, (2) violations of 42 U.S.C. § 1983, (3) assault, (4) false arrest and imprisonment, (5) intentional infliction of emotional distress, (6) violation of Americans with Disabilities Act and cruel and unusual punishment, (7) defamation, (8) abuse of process, (9) malicious prosecution, (10 ) respondeat superior, and (11) negligent hiring, retention, supervision, and training.  Dkt. 1.

On February 2, 2016, Reid filed a motion to dismiss.  Dkt. 21.  On February 6, 2016, Phillips responded.  Dkt. 22.  Reid did not reply.

On February 6, 2016, Phillips filed a motion for summary judgment against "all named of the 'City Defendants.'"  Dkt. 22 at 2.  On February 29, 2016, the City Defendants responded.  Dkt. 60.  Phillips did not reply.

On February 15, 2016, Phillips filed a motion for summary judgment against the Thurston County Defendants.  Dkt. 43.  On March 14, 2016, the Thurston County Defendants responded.  Dkt. 72.  Phillips did not reply.

On February 25, 2016, Commissioner Schmidt, the City Defendants, and the Thurston County Defendants filed dispositive motions.  Dkts. 48, 51, 56.  On March 6, 2016, Phillips responded.  Dkt. 64, 65.  On March 18, 2016, Commissioner Schmidt, the City Defendants, and the Thurston County Defendants replied.  Dkts. 75, 76, 77.

## II. FACTUAL BACKGROUND

This dispute arises out of a protection order Phillips's wife Defendant Beth Renee Rietema obtained from Thurston County Commissioner Christine Schaller. Comp., ¶ 36. Phillips alleges that the order was unnecessary and that "Ms. Rietema has spent the last few years conspiring to ruin [Phillips's] life with the assistance of law enforcement and the Thurston County Courts." *Id.*, ¶ 37.

On June 14, 2012, Phillips was arrested by Officer Boling and charged with two counts of harassment and two counts of being within 500 feet of protected locations. *Id.*, ¶ 38. Phillips contends that the arrest was approved by Deputy Prosecutor Jennifer Lord. *Id.* The arrest was based on the placement of flyers being around a building that Ms. Rietema claimed was her workplace. *Id.*, ¶ 39.

After being arrested, Phillips claims that he was taken to Nisqually Jail where he was placed in solitary confinement for four days. *Id.*, ¶ 42. Phillips asserts various allegations that his Eight Amendment rights were violated during his stay at this jail. *Id.*, ¶¶ 43–45.

On August 20, 2012, Phillips claims that, due to fear of further prosecution and under duress, he pled guilty to the two counts of violating the protection order by going within 500 feet of Ms. Rietema's workplace. *Id.*, ¶ 40. Phillips asserts that both Judge Lyman and Judge Coker presided over this case in the City of Tumwater Municipal Court. *Id.*, ¶ 41. Phillips was sentenced to "serve a year in jail, pay fines, attend Domestic Violence Treatment Counseling (DVTC) for a year, and extended the [protective order] for 2 more years." *Id.*

On December 26, 2012, Thurston County Prosecutor Luke Hanson applied for and Thurston County Judge Dixon granted a search warrant for Phillips's residence. *Id.*, ¶ 46. Phillips explains circumstances surrounding the warrant as follows:

> The warrant was granted due to a complaint by Ms. Rietema about some flyers supposedly mailed to her neighbors Bat-Sheva Stein and Kenneth Cohen and to her family Daniel Rietema and Frederick Rietema who all testified to [Officer] Yancey that they believed [Phillips] had mailed to them. None of these people, who supposedly received the flyer, were listed on the [protection order]. Yet Plaintiff was still charged with communicating with, and stalking of, Ms. Rietema.
>
> The flyer received in the mail was compared to the previous flyer for which the [Phillips] was arrested. The second flyers' content did not violate the [protection order], nor did it violate any law, code, or statute, similar to the first referenced flyer. Luke Hansen had knowledge of the previous flyer and knew it did not constitute harassment and yet he still approved the search warrant as though a crime had been committed. Since both flyers were similar enough, then both did not constitute harassment, or illegal acts, and therefore did not constitute a violation of the [protection order], and therefore did not constitute probable cause to search [Phillips's] house.

*Id.*, ¶¶ 48–49. On December 27, 2012, officers with the Tumwater and Centralia police departments executed the search warrant at Phillips's home. *Id.* ¶¶ 46–48.

In February 2013 and August of 2014, Phillips claims that Ms. Rietema filed for renewal of the protection order and sought an extension of 99 years. *Id.*, ¶¶ 50, 52. The chain of events is unclear, but it appears that Commissioner Lack entered an order adverse to Phillips. On September 18, 2014, Phillips filed a motion to revise Commissioner Lack's ruling. *Id.*, ¶ 57. On October 17, 2014, Judge Wickman held a hearing on Phillips's motion, and Ms. Rietema hired Kimberly Reid to represent her at the hearing. *Id.* Phillips alleges that Judge Wickman ruled against Phillips and ordered Phillips to pay for Ms. Rietema's attorney's fees. *Id.*, ¶ 59.

1    Phillips appealed the ruling to the Washington Court of Appeals.  Ms. Rietema

2    hired Kate Forrest to represent her.  *Id*., ¶ 61.  On October 15, 2015, Commissioner

3    Schmidt filed a ruling dismissing the case.  *Id*., ¶ 62.

### III. DISCUSSION

**A.    Motions to Dismiss**

    1.    **Standard**

    Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

Procedure may be based on either the lack of a cognizable legal theory or the absence of

sufficient facts alleged under such a theory.  *Balistreri v. Pacifica Police Department*,

901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the

complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295, 1301

(9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed

factual allegations but must provide the grounds for entitlement to relief and not merely a

"formulaic recitation" of the elements of a cause of action.  *Bell Atlantic Corp. v.

Twombly*, 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a

claim to relief that is plausible on its face."  *Id*. at 1974.

    2.    **Commissioner Schmidt**

    In this case, Commissioner Schmidt moves to dismiss Phillips's claims because

(1) Commissioner Schmidt is entitled to judicial immunity, (2) Phillips claims are barred

by the *Rooker-Feldman* doctrine, and (3) the Court should abstain under *Younger v.

Harris*, 401 U.S. 37 (1973).  The Court agrees with Commissioner Schmidt on all three

points.  Phillips's claim that Commissioner Schmidt is liable for damages resulting from

1    the issuance of an order by Commissioner Schmidt in his judicial capacity is barred by

2    absolute judicial immunity.  *Mireles v. Waco*, 502 U.S. 9 (1991).  The *Rooker-Feldman*

3    doctrine precludes the Court from de facto appeal of a state court decision, which bars

4    Phillips' claim for retrospective injunctive relief.  *Exxon Mobil Corp. v. Saudi Basic*

5    *Indus. Corp.*, 544 U.S. 280, 284 (2005).  Finally, the Court should abstain from Phillips's

6    ongoing state court proceeding.  *Younger*, 401 U.S. at 43.  Therefore, the Court grants

7    Commissioner Schmidt's motion.

8           3.      **Reid**

9           Reid moves to dismiss Phillips's complaint because he "fails to allege any facts

10   upon which relief may be granted."  Dkt. 21 at 6.  The Court agrees because Phillips fails

11   to allege sufficient facts to support a conspiracy, a disability claim against Reid, or a

12   malicious prosecution by Reid.  Therefore, the Court grants Reid's motion.

13          4.      **Thurston County Defendants**

14          Thurston County moves to dismiss Phillips's claims for the same reasons

15   Commissioner Schmidt does and because the claims are barred by the statute of

16   limitations.  Dkt. 56.  While it is unclear whether the statute of limitations bars Phillips's

17   claims against these defendants, it is clear that absolute immunity, the *Rooker-Feldman*

18   doctrine, and *Younger* abstention apply.  *Id*. at 7–14.  Therefore, the Court grants

19   Thurston County Defendants' motion to dismiss.

20

21

22

1          5.      **Remedy**

2          When considering a pro se complaint, "dismissal is proper only if it is absolutely

3   clear that the deficiencies of the complaint could not be cured by amendment."

4   *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

5          In this case, the Court must determine whether Phillips can cure the identified

6   deficiencies in his complaint.  With regard to Commissioner Schmidt and the Thurston

7   County Defendants, the Court concludes that it is absolutely clear that Phillips's claims

8   fail as a matter of law.  Therefore, the Court dismisses these claims with prejudice.

9          On the other hand, Reid moves to dismiss on the basis of a failure to plead

10  sufficient facts.  The Court is unable to conclude at this time that it is "absolutely clear"

11  that Phillips will be unable to allege sufficient facts to cure the deficiencies.  While it is

12  highly unlikely that Phillips has any valid claim against Reid as a private attorney hired

13  for a single representation, the Court is unwilling to dismiss Phillips's claims *sua sponte*

14  as a matter of law.  Therefore, the Court grants Phillips leave to amend his complaint

15  against Reid.

16  **B.     Summary Judgment**

17          1.      **Standard**

18          Summary judgment is proper only if the pleadings, the discovery and disclosure

19  materials on file, and any affidavits show that there is no genuine issue as to any material

20  fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

21  The moving party is entitled to judgment as a matter of law when the nonmoving party

22  fails to make a sufficient showing on an essential element of a claim in the case on which

1   the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

2   323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole,

3   could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

4   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

5   present specific, significant probative evidence, not simply "some metaphysical doubt").

6   *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists

7   if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

8   jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

9   U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

10   626, 630 (9th Cir. 1987).

11      The determination of the existence of a material fact is often a close question. The

12   Court must consider the substantive evidentiary burden that the nonmoving party must

13   meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

14   U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

15   issues of controversy in favor of the nonmoving party only when the facts specifically

16   attested by that party contradict facts specifically attested by the moving party. The

17   nonmoving party may not merely state that it will discredit the moving party's evidence

18   at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

19   *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

20   nonspecific statements in affidavits are not sufficient, and missing facts will not be

21   presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

22

2.   **42 U.S.C. § 1985 Conspiracy**

The thrust of Phillips's complaint is an alleged conspiracy by every government actor and agent that he has encountered during this ordeal.  The City Defendants move for summary judgment on the merits of this claim asserting that the only possible conspiracy that Phillips may assert must be based on racial or class-based discrimination. Dkt. 51 at 5–6.  The Court agrees with this proposition.  *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985) ("racial or perhaps otherwise class-based, invidiously discriminatory animus . . . constitutes an essential element of a cause of action . . . .").  Phillips failed to submit any evidence of such animus; in fact, he fails to even allege such animus.  Therefore, the Court grants the City Defendants' motion for summary judgment on Phillips's conspiracy claim.

3.   **Statute of Limitations**

Section 1983 claims are subject to Washington's three-year statute of limitations for personal injury actions under RCW 4.16.080(2).  *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981); *Southwick v. Seattle Police Officer John Does #s 1-5*, 145 Wn. App. 292, 297 (2008).  In addition, state law claims for false arrest and false imprisonment are subject to the two-year statute of limitations under RCW 4.16.100(1).  *Heckart v. City of Yakima*, 42 Wn. App. 38, 39 (1985); *Gausvik v. Abbey*, 126 Wn.App. 868, 880, *review denied*, 155 Wn.2d 1006 (2005).  State claims of assault and battery are also subject to the two-year statute of limitations.  *Boyles v. City of Kennewick*, 62 Wn. App. 174, 176, *review denied*, 118 Wn.2d 1006 (1991).

1    In this case, many of Phillips's claims are barred by the statute of limitations.  For

2 example, the last act by the City Defendants alleged in the complaint occurred on

3 December 27, 2012.  Comp., ¶¶ 46–48.  Phillips filed this complaint on January 4, 2016,

4 which is more than three years from the events alleged to establish his claims.  Dkt. 1.

5 Phillips's only response is that he has alleged a conspiracy and the last act was completed

6 by Commissioner Schmidt within the relevant time period.  Dkt. 65, ¶ 6.  Although such

7 an argument may suffice to overcome a limitations problem with the conspiracy claim,

8 Phillips fails to show that a valid conspiracy claim extends that statute of limitations for

9 any other claim.  Therefore, the Court grants the City Defendants' motion for summary

10 judgment on all of Phillips's claims against the City Defendants.

11    4.    **Phillips's Motion**

12    Phillips moves for summary judgment against the City Defendants and the

13 Thurston County Defendants.  The Court, however, has dismissed Phillips's claims

14 against these defendants and, therefore, denies Phillips's motions as moot.

15    **IV. ORDER**

16    Therefore, it is hereby **ORDERED** that:

17    1.    Reid's motion to dismiss (Dkt. 21), Commissioner Schmidt's motion to

18 dismiss (Dkt. 48), the City Defendants' motion for summary judgment (Dkt. 51), and the

19 Thurston County Defendants' motion to dismiss (Dkt. 56) are **GRANTED**;

20    2.    Phillips's motions for summary judgment (Dkts. 22, 43) are **DENIED as**

21 **moot**;

22

1    3.    The Clerk shall terminate Commissioner Schmidt, the City Defendants, and

2  the Thurston County Defendants as parties in this case; and

3    4.    Phillips is **GRANTED** leave to amend his complaint against Reid.  Phillips

4  shall file an amended complaint no later than April 29, 2016.  Failure to file an amended

5  complaint will result in **DISMISSAL** of Phillips's claims against Reid without further

6  order of the Court.

7

       Dated this 20th day of April, 2016.

8

9

10                                              BENJAMIN H. SETTLE
                                                United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22