UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEAN ERVIN PHILLIPS,

    Plaintiff,

v.

BETH RENEE RIETEMA, et al.,

    Defendants.

CASE NO. C16-5000 BHS

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendants Kate Forrest, Beth Renee Rietema, Daniel John Rietema, and Frederick Doyce Rietema's ("Defendants") motion for summary judgment (Dkt. 79). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On January 4, 2016, Plaintiff Dean Ervin Phillips ("Phillips") filed a complaint against numerous defendants asserting eleven claims for relief as follows: (1) conspiracy, (2) violations of 42 U.S.C. § 1983, (3) assault, (4) false arrest and imprisonment, (5) intentional infliction of emotional distress, (6) violation of Americans with Disabilities

Act and cruel and unusual punishment, (7) defamation, (8) abuse of process, (9) malicious prosecution, (10) respondeat superior, and (11) negligent hiring, retention, supervision, and training. Dkt. 1.

On March 29, 2016, Defendants filed a motion for summary judgment. Dkt. 79. On April 4, 2016, Phillips responded. Dkt. 83. On April 19, 2016, Defendants replied. Dkt. 85.

## II. FACTUAL BACKGROUND

This dispute arises out of a protection order Phillips's wife Defendant Beth Renee Rietema obtained from Thurston County Commissioner Christine Schaller. Comp., ¶ 36. Phillips alleges that the order was unnecessary and that "Ms. Rietema has spent the last few years conspiring to ruin [Phillips's] life with the assistance of law enforcement and the Thurston County Courts." *Id*., ¶ 37.

On June 14, 2012, Phillips was arrested by Officer Boling and charged with two counts of harassment and two counts of being within 500 feet of protected locations. *Id*., ¶ 38. Phillips contends that the arrest was approved by Deputy Prosecutor Jennifer Lord. *Id*. The arrest was based on the placement of flyers being around a building that Ms. Rietema claimed was her workplace. *Id*., ¶ 39.

After being arrested, Phillips claims that he was taken to Nisqually Jail where he was placed in solitary confinement for four days. *Id*., ¶ 42. Phillips asserts various allegations that his Eighth Amendment rights were violated during his stay at this jail. *Id*., ¶¶ 43–45.

On August 20, 2012, Phillips claims that, due to fear of further prosecution and under duress, he pled guilty to the two counts of violating the protection order by going within 500 feet of Ms. Rietema's workplace. *Id.*, ¶ 40. Phillips asserts that both Judge Lyman and Judge Coker presided over this case in the City of Tumwater Municipal Court. *Id.*, ¶ 41. Phillips was sentenced to "serve a year in jail, pay fines, attend Domestic Violence Treatment Counseling (DVTC) for a year, and extended the [protective order] for 2 more years." *Id.*

On December 26, 2012, Thurston County Prosecutor Luke Hanson applied for and Thurston County Judge Dixon granted a search warrant for Phillips's residence. *Id.*, ¶ 46. Phillips explains circumstances surrounding the warrant as follows:

> The warrant was granted due to a complaint by Ms. Rietema about some flyers supposedly mailed to her neighbors Bat-Sheva Stein and Kenneth Cohen and to her family Daniel Rietema and Frederick Rietema who all testified to [Officer] Yancey that they believed [Phillips] had mailed to them. None of these people, who supposedly received the flyer, were listed on the [protection order]. Yet Plaintiff was still charged with communicating with, and stalking of, Ms. Rietema.
> The flyer received in the mail was compared to the previous flyer for which the [Phillips] was arrested. The second flyers' content did not violate the [protection order], nor did it violate any law, code, or statute, similar to the first referenced flyer. Luke Hansen had knowledge of the previous flyer and knew it did not constitute harassment and yet he still approved the search warrant as though a crime had been committed. Since both flyers were similar enough, then both did not constitute harassment, or illegal acts, and therefore did not constitute a violation of the [protection order], and therefore did not constitute probable cause to search [Phillips's] house.

*Id.*, ¶¶ 48–49. On December 27, 2012, officers with the Tumwater and Centralia police departments executed the search warrant at Phillips's home. *Id.* ¶¶ 46–48.

In February 2013 and August of 2014, Phillips claims that Ms. Rietema filed for renewal of the protection order and sought an extension of 99 years. *Id.*, ¶¶ 50, 52. The chain of events is unclear, but it appears that Commissioner Lack entered an order adverse to Phillips. On September 18, 2014, Phillips filed a motion to revise Commissioner Lack's ruling. *Id.*, ¶ 57. On October 17, 2014, Judge Wickman held a hearing on Phillips's motion, and Ms. Rietema hired Kimberly Reid to represent her at the hearing. *Id.* Phillips alleges that Judge Wickman ruled against Phillips and ordered Phillips to pay for Ms. Rietema's attorney's fees. *Id.*, ¶ 59.

Phillips appealed the ruling to the Washington Court of Appeals. Ms. Rietema hired Kate Forrest to represent her. *Id.*, ¶ 61. On October 15, 2015, Commissioner Schmidt filed a ruling dismissing the case. *Id.*, ¶ 62.

**III. DISCUSSION**

**A.      Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendants' motion**

Based upon a liberal reading of Phillips's complaint, the only violation of federal law that applies to Defendants is the alleged conspiracy to violate Phillips's civil rights. Dkt. 1, ¶ 71.  The Court, however, has held that Phillips's 42 U.S.C. § 1985 conspiracy claim fails as a matter of law.  Dkt. 86 at 9.  The claim fails because the conspiracy is not

1  based on racial or class-based discrimination. *Trerice v. Pedersen*, 769 F.2d 1398, 1402
2  (9th Cir. 1985) ("racial or perhaps otherwise class-based, invidiously discriminatory
3  animus . . . constitutes an essential element of a cause of action . . . ."). Therefore, the
4  Court grants Defendants' motion on this claim.

5  **C.    Supplemental Jurisdiction**

6        The district courts may decline to exercise supplemental jurisdiction over state law
7  claims if the district court has dismissed all claims over which it has original jurisdiction.
8  28 U.S.C. § 1367(c)(3).

9        In this case, the Court has dismissed all claims which it has original jurisdiction
10 over Defendants. The Court declines to exercise supplemental jurisdiction of Phillips's
11 remaining state law claims. Therefore, the Court dismisses Phillips's state law claims
12 against Defendants and denies the remainder of Defendants' motion as moot.

13 **IV. ORDER**

14       Therefore, it is hereby **ORDERED** that Defendants' motion for summary
15 judgment (Dkt. 79) is **GRANTED in part** and **DENIED in part** as stated herein. The
16 Clerk shall terminate Defendants as parties in this case.

17       Dated this 19th day of May, 2016.

                                      BENJAMIN H. SETTLE
                                      United States District Judge