UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEAN ERVIN PHILLIPS,

    Plaintiff,

v.

BETH RENEE RIETEMA, et al.

    Defendants.

CASE NO. C16-5000BHS

ORDER DISMISSING CLAIMS AND CLOSING CASE

This matter comes before the Court on the Court's order to show cause (Dkt. 96) and Plaintiff Dean Ervin Phillips's ("Phillips") response (Dkt. 97).

On July 6, 2016, the Court issued an order requesting any party to show cause why the case should not be dismissed for failure to file a joint status report. Dkt. 96. On July 12, 2016, Phillips responded and argued that the case should be stayed instead of dismissed. Dkt. 97. Phillips asserts that (1) the Court erred when it granted numerous defendants' motions to dismiss and for summary judgment (Dkt. 86); (2) he has appealed; and (3) the Ninth Circuit Court of Appeals will reverse the order. Phillips requests that the Court stay the case until the Ninth Circuit rules on his appeal. The Court denies this request.

ORDER - 1

First, Phillips's appeal is an interlocutory appeal because the Court has not issued a final judgment on all claims against all parties. A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n. 6 (9th Cir.2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); *Pac. Union Conference of Seventh–Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." (citations omitted)). It is doubtful that Phillips will be granted permission to file an interlocutory appeal. Thus, entering final judgment on all claims will assist Phillips in perfecting an appeal.

Second, Phillips has failed to submit any valid reason for his failure to contact the remaining Defendants, Kimberly Reid, Kenneth Cohen, and Bat-Sheva Stein. The Defendants answered and submitted their contact information. Phillips failed to meet the original May 3, 2016 deadline and both of the Court's supplemental requests. Therefore, the Court concludes that intentional failure to follow a Court order results in **DISMISSAL** of Phillips's claims **without prejudice** against Kenneth Cohen and Bat-Sheva Stein. With regard to Kimberly Reid, Phillips failed to file an amended complaint as ordered by the Court. Dkt. 86. Therefore, the Court **DISMISSES** Phillips's claims against Kimberly Reid **with prejudice**.

The Clerk shall terminate the remaining Defendants and enter a final judgment in accordance with the Court's orders.

**IT IS SO ORDERED**.

Dated this 19th day of July, 2016.

_____
BENJAMIN H. SETTLE
United States District Judge