UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEAN ERVIN PHILLIPS,

    Plaintiff,

    v.

BETH RENEE RIETEMA, et al.,

    Defendants.

CASE NO. C16-5000BHS

ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING PLAINITIFF'S MOTION FOR RELIEF FROM JUDGMENT

This matter comes before the Court on Plaintiff Dean Phillips's ("Phillips") response to the order from the Ninth Circuit and motion for an extension of time (Dkt. 101) and motion for relief under Rule 60(b) (Dkt. 102). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On January 4, 2016, Phillips filed a complaint against numerous defendants asserting eleven claims for relief as follows: (1) conspiracy, (2) violations of 42 U.S.C. § 1983, (3) assault, (4) false arrest and imprisonment, (5) intentional infliction of emotional distress, (6) violation of Americans with Disabilities Act and cruel and unusual punishment, (7) defamation, (8) abuse of process, (9) malicious prosecution,

(10) respondeat superior, and (11) negligent hiring, retention, supervision, and training. Dkt. 1.

During the course of the proceeding, the Court issued orders either dismissing these claims or entering summary judgment against Phillips. Dkts. 86, 88, 94 and 98.

On May 19, 2016, Phillips appealed one of the Court's orders. Dkt. 89. On July 19, 2016, the Court dismissed the remaining claims and ordered the Clerk to enter judgment against Phillips. Dkt. 98. Relevant to the instant issues, the Court stated that "[i]t is doubtful that Phillips will be granted permission to file an interlocutory appeal. Thus, entering final judgment on all claims will assist Phillips in perfecting an appeal." *Id*. at 2. On July 20, 2016, the Clerk entered a judgment. Dkt. 99.

On August 5, 2016, the Ninth Circuit issued an order requiring Phillips to show cause why the court had jurisdiction to hear an appeal over a non-final order of this Court. On August 25, 2016, Phillips responded asserting that he was unaware of the procedure to amend his notice of appeal once a final order is entered. Dkt. 101. On October 18, 2016, the Ninth Circuit dismissed the appeal for lack of jurisdiction and forwarded Phillips's response so that this Court may consider it as a motion for an extension of time. Dkt. 100.

On that same day, Phillips filed a motion for relief under Rule 60(b). Dkt. 102. On November 2, 2016, some Defendants responded. Dkt. 103. On November 5, 2016, Phillips replied. Dkt. 104. On November 10, 2016, the Ninth Circuit issued a mandate. Dkt. 105. On November 29, 2016, Phillips filed a response to order to show cause. Dkt. 106.

## II. DISCUSSION

**A.     Extension of Time**

Generally, a party must file a notice of appeal within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). The district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and, regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

In this case, Phillips requests an extension of time to file an appeal. The Court entered judgment on July 20, 2016, and his time to appeal ended 30 days after that date, or August 22, 2016. Phillips timely filed a motion for an extension approximately four days after expiration of his time to appeal. Phillips asserts that he did not receive the show cause order from the Ninth Circuit, and the Ninth Circuit's docket reflects that the order was returned to the court. Under these circumstances, the Court finds that Phillips has shown good cause for an extension of time to appeal. Therefore, the Court grants Phillips's motion and an amended appeal must be filed no later than fourteen days from the date of this order. Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.").

**B.     Rule 60**

Phillips moves for relief from the Court's judgment under Fed. R. Civ. P. 60(b)(3) and (4). Dkt. 102. Rule 60(b)(3) provides for relief based on "fraud (whether previously

called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Rule 60(b)(4) provides relief when a "judgment is void."

In this case, Phillips fails to meet his burden under either rule. In general, Phillips simply disagrees with the Court's adverse rulings on his claims, which does not show that the judgment is void. Phillips also asserts that his ex-wife and her family members are attempting to lure him to violate the protective order that he challenges in this case. Dkt. 120 at 3–4. Phillips argues that this amounts to misconduct by an opposing party. *Id*. The Court disagrees with Phillips because the rule allows a court to vacate a judgment obtained by misconduct. *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) ("the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."). Phillips's position is based on alleged misconduct of the opposing parties in general, not on any alleged misconduct in obtaining the existing judgment. Accordingly, the Court denies Phillips's motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that Phillips's motion for an extension of time (Dkt. 101) is **GRANTED** and motion for relief from judgment (Dkt. 102) is **DENIED**.

Dated this 14th day of December, 2016.

BENJAMIN H. SETTLE
United States District Judge